In the Matter of HENRIETTA ERENBERG, Respondent, against C. B. F. BRILL, as Chairman of the New York State Thruway Authority, Appellant.—

Appeal in a proceeding under article 78 of the Civil Practice Act from an order of the Supreme Court at Special Term which directed appellant Chairman of the New York State Thruway Authority to furnish petitioner with a copy of the records and reports of investigation of an automobile accident in which petitioner sustained personal injuries. Petitioner has brought action against the owner and operator of the car in which she was riding and in this proceeding asserts that in order to make satisfactory proof of defendant's negligence she must prove "facts from established physical data" which she believes will be disclosed by the report of the accident made by a Thruway employee. Petitioner has obtained a copy of the usual State Police accident report but contends that the report of the accident investigation made at or about the same time by the Thruway employee contained additional data such as would ordinarily be covered by a police accident report. Appellant alleges, without contradiction, that the investigating employee was an assistant division traffic supervisor, but not a peace officer under section 361 of the Public Authorities Law. Petitioner contends that the report is, in fact, a police report and within the purview of section 66-a of the Public Officers Law, which, however, deals with "reports and records of any accident, kept or maintained by the state police or by the police department or force of any county, city, town, village or other district of the state". Appellant asserts that his counsel has requested the investigation, by Thruway personnel assigned to that task, of all accidents occurring on the Thruway; and that the resulting reports are used by counsel for purposes of defense of claims against the Thruway. It is also stated in appellant's brief, however, that the information reported "is also helpful in that engineering, administrative and enforcement changes are often made as a result of the experience gained from these reports." It seems clear from this record that the report in question is not a police accident report, within the meaning of section 66-a, but that, even if it could be considered such, the Thruway employees concerned are not members of the State Police nor of "the police department or force" of a municipality "or other district of the state." It seems equally clear, however, that this routine report, from which petitioner seeks evidence of objective factors, is not, as appellant asserts, privileged as the "'work product of the lawyer'" (*Hickman* v. *Taylor*, 329 U. S. 495, 511). In the case cited, upon which appellant seems principally to rely, the decision did not turn upon the issue of attorney-client privilege (and the court, in fact, expressly held that "the protective cloak of this privilege does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation" [p. 508]); but dealt with "an attempt to secure the production of written statements and mental impressions contained in the files and the mind of the attorney Fortenbaugh without any showing of necessity or any indication or claim that denial of such production would unduly prejudice the preparation of petitioner's case or cause him any hardship or injustice" (p. 509) ; and the court further held: "Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had" (p. 511). In *Matter of Cherkis* v. *Impellitteri* (307 N. Y. 132), also cited by appellant, the City Charter prohibited the inspection sought. While, therefore, the report is not privileged and its production can, of course, be compelled by subpoena, as may the testimony of the one who made it, it does not follow that petitioner is entitled to relief in the nature of mandamus. There is no requirement that the Thruway Authority investigate accidents or compile and maintain reports thereof. Consequently, the report is not a public record required by law to be made or kept (see Education Law, § 144) and hence subject to inspection as of right. This being so, and there being

no statute expressly requiring that appellant nevertheless permit inspection of such papers, it cannot be found that he has "failed to perform a duty specifically enjoined upon him by law." (Civ. Prac. Act, § 1296, subd. 1.) It follows that mandamus does not lie. Petitioner asserts that the right of inspection applies not only to public records but, also, to records or documents "not strictly public" (*Matter of Stenstrom* v. *Harnett*, 131 Misc. 75, 78, affd. 224 App. Div. 127, affd. 249 N. Y. 606) but the cited reference was to State Police accident reports "filed pursuant to statute" and, in affirming, the Appellate Division noted the statutory requirement of filing. In the numerous other cases cited by petitioner the decisions turned either upon findings that the documents were public records specifically or upon statutory rights of inspection obtaining in particular cases regardless of the character of the documents. Order reversed on the law and the facts and petition dismissed, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.