OPINION OF THE COURT
Arnold G. Fraiman, J.
The court recalls its decision of December 13, 1977 which granted petitioner’s application by default. Apparently, respondents had submitted an affidavit in opposition to the application which was misplaced in the clerk’s office. The affidavit has now been located and the court will consider the *1088 application on the merits. Petitioner claims that she was injured in an accident on Transit Authority property. By her application, purportedly brought under CPLR article 78 although no petition is attached, plaintiff seeks an order directing defendant Transit Authority to make available to her a copy of the police accident report and aided report prepared in connection with the accident in which she was injured. The court will deem the affidavit annexed to the moving papers a petition for the purpose of this application. Before commencing an action against respondents, petitioner, on two prior occasions, had moved unsuccessfully for the same relief on the ground that she needed the reports to aid her in preparing a claim or complaint. It is not clear from the moving papers whether petitioner has now commenced an action against respondents. However, this is irrelevant because petitioner now moves for the production of the reports pursuant to either section 66-a or section 88 (subd 1, par f) of the Public Officers Law. The court concludes that petitioner is entitled to a copy of the reports in question under the former section and therefore makes no determination as to whether she would also be entitled to them under section 88 (subd 1, par f).
Section 66-a provides in relevant part that "all reports and records of any accident, kept or maintained by * * * the police department or force of any county, city, town, village or other district of the state, shall be open to the inspection of any person having an interest therein”. In opposition to the application the Transit Authority contends that it is a public authority and not one of the political subdivisions enumerated, and is therefore not covered by the statute. The court concludes otherwise. It was clearly intended by section 66-a that all police accident reports be made available to interested persons. The Transit Authority police force is one of the largest in the State. Its functions in connection with accidents occurring within the jurisdiction of the authority is identical to that of the city’s police department, and in fact, its accident report and aided report forms are virtually identical to those used by the city’s police force. No logical basis exists for excluding its reports from section 66-a. As noted, the reports sought here were prepared by Transit Authority police officers. Similar reports prepared by officers of the New York City Police Department are routinely made available to interested parties. No rational reason has been offered why the reports of the Transit Authority police should not also be made *1089 available, even absent statutory authorization. Erenberg v Brill (10 AD2d 769), relied upon by respondents, is distinguishable from the instant case in that it did not deal with a police accident or aided report. Respondent is directed to make the accident report and aided report'prepared in connection with the accident in which petitioner was injured available for her inspection within 10 days after service upon it of a copy of this order with notice of entry.